IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DEBRA C. PINE                                                                                    PLAINTIFF

v.                                    Civil No. 12-3164

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                             DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Debra Pine, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed her application for DIB on May 20, 2011, alleging an onset date of March 1, 2010, due to heart attack, diabetes, cognitive problems, and leg pain and spasms. Tr. 154-160, 181, 196-197, 226-227, 230-231, 241-245. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 12, 75-85. An administrative hearing was held on January 10, 2012. Tr. 21-73. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 54 years old and possessed a high school education. Tr. 29, 30, 33, 182. She had past relevant work "(PRW)" experience as a casualty

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

analyst for an insurance company and a pressor at a dry cleaner. Tr. 31-34, 182, 188-195, 228-230.

On February 17, 2012, the ALJ found Plaintiff's obesity, hypertension, and high cholesterol were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 12-14. Her date last insured was calculated as September 30, 2010. Tr. 12, 26. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that she retained the residual functional capacity ("RFC") to

> lift/carry 20 pounds occasionally and 10 pounds frequently, stand/walk six hours in an eight-hour workday, and sit six hours in an eight-hour workday. In addition, she could never climb ropes, ladders, or scaffolds, she could occasionally stop and crouch, and she could never work at unprotected heights or around dangerous machinery.

Tr. 14. With the assistance of a vocational expert, the ALJ then concluded that Plaintiff could return to her PRW as an insurance casualty analyst. Tr. 17.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on November 9, 2012. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 10, 11.

## II.     **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

3

economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

Plaintiff contends that the ALJ made the following errors: 1) failed to find her back pain, radiating left lower extremity symptoms, and coronary artery disease to be severe impairments and 2) determined Plaintiff's RFC without the input of an examining or treating physician.

#### A.  Non-severe Impairments:

In her first point of error, Plaintiff contends that the ALJ erred in his step two analysis. At step 2 of the sequential evaluation process, an impairment or combination of impairments is considered "severe" if it significantly limits an individual's physical or mental abilities to do basic work activities. Social Security Ruling 96-3p, 1996 WL 374181 , *1 (1996). Therefore, to be non-severe, an impairment must be a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities. *Id*.

Plaintiff contends that she slipped and fell in March 2010, injuring her hip, leg, and back. As a result, she alleges to suffer from chronic pain. Plaintiff proof of her injury consists of her own testimony, the testimony of a neighbor, and a notation on a June 2, 2011, progress report indicating her report to the doctor that she fell in March 2010. Tr. 13, 27, 375. Unfortunately, the record contains no medical evidence contemporaneous to the fall. And, there is no evidence in the record to indicate Plaintiff reported any pain or related symptoms until June 2011,

4

approximately nine months after her date last insured. At this time she was prescribed Mobic for mild degenerative joint disease. Tr. 380. And, her next treatment was November 16, 2011, at which time she was prescribed Norco. Tr. 397-399.

Therefore, the record contains no medical evidence dated during the relevant time period ( on or before her date last insured) to indicate that Plaintiff suffered from a injury to her back, leg, or hip that resulted in a level of pain that impacted her ability to perform work-related activities. Similarly, there is no indication in the record that Plaintiff was prescribed any medication to treat pain during the relevant time period. *See Haynes v. Shalala*, 26 F.3d 812, 814 (8th Cir. 1994) (lack of strong pain medication was inconsistent with disabling pain). Accordingly, we find that the ALJ properly considered Plaintiff's testimony about a fall in March 2010 and resulting back and leg pain, and found that there was simply no objective medical evidence, as required, to substantiate her allegations. *See Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004) (holding that lack of objective medical evidence is a factor an ALJ may consider).

Plaintiff also contends that the ALJ should have included her coronary artery disease as a severe impairment. But, again, she did not seek any medical treatment for heart related problems during the relevant time period, aside from a hypertension check-up with Dr. Kevin Adkins in February 2010. Tr. 255-256. No further treatment was sought out until she experienced a heart attack in May 2011. Tr. 259-262, 275-332. Plaintiff agues that "[i]t is logical to conclude that [her] heart disease did not spontaneously develop when she had her heart attack, but had been present for some time." While this might be true, she is still required to present medical evidence of a medically determinable impairment. Simply establishing the existence of an impairment or diagnosis is not sufficient. *See Trenary v. Bowen*, 898F.2d 1361,

5

1364 (8th Cir. 1990) (holding mere diagnosis is not sufficient to prove disability, absent some evidence to establish a functional loss resulting from that diagnosis). Plaintiff must show that the impairment significantly limited her ability to perform basic work activities. *See* 20C.F.R. § 404.1520(c); *Box v. Shalala*, 52 F.3d 168, 172 (8th Cir. 1995) (the record did not indicate that the mental impairments and hypertension existed during the relevant period, and even if assumed that these impairments manifested themselves prior to the ALJ's decision, there was no evidence that such impairments imposed any limitations on the claimant's ability to work). Here, Plaintiff has failed to show that she suffered from any heart related impairment during the relevant time period, other than hypertension. And, although she reported some dizziness, headaches, and nose bleeds, Plaintiff sought out no further treatment for her hypertension until her heart attack in May 2011. Tr. 356, 259-263, 279-330. Had she been experiencing cardiovascular symptoms that impacted her ability to perform work-related tasks, we believe Plaintiff would have sought out treatment.

The ALJ noted that physical examination conducted by Dr. Kevin Adkins on September 2, 2009, and February 25, 2010, revealed no respiratory, cardiovascular, or neurological abnormalities. Tr. 13, 249-250, 255-256. And, although records show that Plaintiff had a heart attack and under went stent placement in May 2011, there was no evidence that she had chronic heart failure or another severe cardiac impairment prior to her date last insured. Therefore, even if we are to assume that Plaintiff had coronary artery disease prior to her date last insured, the record shows that she was not symptomatic. And, as such, the record does not support Plaintiff's claim that coronary artery disease was a severe impairment prior to her date last insured of September 30, 2010.

Lastly, we disagree with Plaintiff's suggestion that a medical expert should have been called to offer an opinion on when Plaintiff's coronary artery disease began. Given the lack of medical evidence in the record, such an opinion would be pure speculation and would be of no assistance in this case.

B. **RFC:**

In her second point of error, Plaintiff contends that the ALJ erred in his RFD determination. Specifically, she contends that the ALJ should have sought out an RFC assessment from a treating or examining doctor. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642,

7

646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

After reviewing the evidence of record, we disagree. The undersigned is of the opinion that the record is reasonably complete and contains sufficient evidence for the ALJ to make an informed decision. *See Haley v. Massanari*, 258 F.3d 742, 749-750 (8th Cir. 2001) (holding "reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"; ALJ may issue decision without obtaining additional evidence if existing evidence provides sufficient basis for decision). While an RFC assessment from a treating doctor is certainly preferred, it is not required. *See Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (the court looked to the medical findings in the examinations and state agency doctor's opinion to uphold the residual functional capacity assessment). And, in the present case, we do not see that it would be of any particular benefit, given the limited treatment Plaintiff sought out and the lapse of time since her last treatment with these doctors.

We note that the absence of supportive relevant objective medical evidence is due to the Plaintiff's failure to seek out treatment; not the ALJ's failure to develop the record. Further, we can find no suggestion in the record that additional evidence existed that would provide more insight into Plaintiff's level of functioning during the relevant time period. And, after reviewing Plaintiff's own admissions that she could sit for 10 hours per day and stand and walk for 4 hours per day; wash dishes, make her bed, and groom herself daily; drive, cook, cleans house, dust, vacuum, do laundry, grocery shop, perform volunteer activities, play cards/games, and exercise weekly; and, mop the floor, mow the yard (riding mower), pay bills and handles finances, visit relatives, visit friends, talk to neighbors, and goes out to eat or to the movies monthly, we find

substantial evidence to support the ALJ RFC determination in this case. Tr. 198-205, 240. *See Steed v. Astrue*, 524 F.3d 872, 875-877 (8th Cir. 2008) (the court looked to the medical findings in the examinations and diagnostic tests to uphold the ALJ's assessment); *Cox v. Astrue*, 495 F.3d 614, 619-620 (8th Cir. 2007) (the medical conclusions and observations in medical reports bore directly on the extent of the claimant's ability to function in a work environment); *Zeiler v. Barnhart*, 384 F.3d 932 (8th Cir. 2004) (in absence of expert opinion on disability , the ALJ properly considered the available medical evidence and testimony when determining the residual functional capacity ).

As for the neuropsychological assessment of Dr. Vann Smith, we find no support for it in the record. Tr. 342-350. Plaintiff contends that her chronic back, leg, and hip pain, which we have already determined to be non-severe, resulted in organic brain and cognitive dysfunction. Again, there is simply no evidence in the record to indicate that Plaintiff suffered from a level of pain that was severe enough to impact her work abilities during the relevant time period. And, certainly no evidence to support a finding of chronic pain that resulted in cognitive dysfunction.

## IV.    Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the plaintiff benefits, and thus recommends that the decision be affirmed, and plaintiff's Complaint be dismissed with prejudice. **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of February 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE